**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

UNITED STATES OF AMERICA, Plaintiff,   Case 13-cr-0293 JST (NC)
v.

<u>Blessed Marvelous Herve          </u>, Defendant.   <u>ORDER OF DETENTION</u>
<u>PENDING TRIAL</u>

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held detention hearings on April 29, April 30, May 22 and June 5, 2013. Defendant was present, represented by his attorneys (first AFPD Ed Hu, then replaced for hearing on June 5 by CJA counsel Ethan A. Balogh). The United States was represented by Assistant U.S. Attorney Hallie Hoffman. The hearings were held publicly. Both parties were advised of their opportunity to call witnesses and present evidence and to cross-examine testifying witnesses. Defendant was advised of his right to testify, and also of his right to remain silent and to present information through proffer of his counsel. Both parties were advised of their right to appeal this detention order to the District Court.

      The Court advised the parties that the Crime Victims' Rights Act, 18 U.S.C. § 3771, provides rights to crime victims, including the right to notice of the proceedings; the right to be "reasonably heard" at any proceeding involving release; and the right to be "reasonably protected" from the accused and to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a). Government counsel asserted that the government had provided notice of the proceedings to victims and had conferred with victims. The government provided a proffer of a statement from one victim in support of detention.

      At the June 5 hearing, defendant's counsel objected to the presentation of a proffer by government counsel as to a victim statement that, in essence, the victim feared for his/her personal safety if Herve is released because he had been aggressive on calls with the victim. The Court overruled the defendant's objection. "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f). Furthermore, the Crime Victims' Rights Act permits victims to be "heard" at bail hearings and to be "reasonably protected" from the accused. Permitting the government to present victim information by proffer balances the interests of the accused and the victim. The Court acknowledges that without live testimony from a victim witness, and an opportunity for the defendant's cross-examination of that witness, the Court cannot gauge the credibility of the victim. This problem, however, goes to the weight of the information, not to its admissibility.

**I. P<small>RESUMPTIONS</small> A<small>PPLICABLE</small>**

    / / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

      This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

      / / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense

      A.     for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

      B.     under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

      This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

      / X/ No presumption applies.

## II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE

      / / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

      / / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

      Thus, the burden of proof shifts back to the United States.

## III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

## IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

      / X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearings and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report prepared April 26, 2013, supplemented by information presented at the hearings. Herve is charged by indictment with a violation of 18 U.S.C. § 3143 for wire fraud. The indictment alleges that Herve defrauded victims 1 and 2 out of approximately $1.6 million through a series of false and fraudulent statements, representations, and promises. The government proferred that Herve in 2013 has engaged in additional, uncharged fraud, resulting in a $99,000 loss to an additional victim. The following factors establish by more than a preponderance of the evidence that no combination of conditions will reasonably assure the future court appearances of Herve: he has used multiple aliases on official government documents and in 1997 was convicted in this court of possessing false documents with intent to defraud (case 96-cr-00420 MHP); he has significant ties outside the United States (government proferred fiancee in Morocco and that Herve withdrew tens of thousands of dollars in fraudulently obtained dollars in Morocco) and possessed a one-way plane ticket to Morocco at the time of his arrest; and his ties to this District are tenuous, in that he has no family here (his two children are cared for by their mothers, both estranged from Herve, and he owes child support), owns no property here, and works as a jazz musician. Significantly, the defendant has not proposed a viable custodian or surety to help assure the Court that Herve would make future Court appearances and comply with release conditions.

///

As to danger to the community, the government did not establish by more than clear and convincing evidence that release of Herve on a combination of bail conditions would be dangerous. The Court has concerns, but finds that those concerns could be addressed by a combination of release conditions.

## V.  Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   June 5, 2013

NATHANAEL COUSINS
United States Magistrate Judge